Schupper Motor Lines, Inc. v. Commissioner. Sidney S. Schupper and Martha Schupper v. Commissioner.
Schupper Motor Lines, Inc. v. Commissioner
Docket Nos. 81034, 81035.
United States Tax Court
T.C. Memo 1961-164; 1961 Tax Ct. Memo LEXIS 187; 20 T.C.M. (CCH) 820; T.C.M. (RIA) 61164; June 6, 1961
*187 Ben A. Matthews, Esq., 70 Pine St., New York, N. Y., and Vincent P. Uihlein, Esq., for the petitioners. Warren S. Shine, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined the following deficiencies in income tax and additions to tax for 1952: Additions to Tax
Sec.
Docket
Sec.
Sec.
294(d)
No.
Deficiency
293(b)
294(d)(2)
(1)(A)
81034
$ 3,241.33
$1,620.67
81035
17,415.10
8,707.55
$1,048.75
$1,574.03
The questions for decision are whether petitioners filed false and fraudulent returns and whether petitioners fraudulently and willfully failed to report income with intent to evade income tax. If they did not, then the statute of limitations bars the assessment and collection of the deficiencies and additions to tax. Findings of Fact Some of the facts are stipulated and are so found. Petitioner in docket number 81034, Schupper Motor Lines, Inc., hereinafter sometimes referred to as the corporation, was incorporated in 1938 under the laws of the State of Maryland as an interstate common carrier by motor vehicle subject to regulation by *188 the Interstate Commerce Commission. Petitioners in docket number 81035 are husband and wife, with residence at Atlantic Beach, Long Island, New York. Petitioner Sidney S. Schupper was, during the year 1952, and is the president, sole director and sole stockholder of petitioner corporation. Petitioner corporation's income tax return for the taxable year 1952 was filed with the district director of internal revenue, Lower Manhattan District, New York, New York. The corporation used an accrual method of accounting in said return. The individual petitioner's joint income tax return for the taxable year 1952 was filed with the district director of internal revenue, Brooklyn, New York. Each of said returns was received by the respective district directors on Monday, March 16, 1953. The statutory notices of deficiency were dated March 20, 1959. In June 1952, Sunshine Biscuits, Inc. was experiencing a strike at its Long Island City plant which tied up the transportation of perishable biscuits worth approximately $500,000. Some 62 truckloads of biscuits were involved. Efforts to move the biscuits had resulted in picket-line violence and Sunshine's regular carriers failed to move the *189 merchandise. Sunshine arranged with a trucker, Jacob Katz, to attempt the movement sometime in April or May. He was unsuccessful and introduced Schupper to the Sunshine employee who had responsibility for getting the biscuits moved. After conferences and an investigation by Schupper of the problems involved, Sunshine authorized Schupper to undertake transportation of the biscuits from the strike-bound plant early in June. Between June 6 and June 12, Schupper got the job completed by moving 62 truckloads. Leased trucks were employed with contract drivers. In making the movement, in addition to the legal tariff rates, certain "commissions" were paid, cash payments were made to police and escorts for the trucks and some of the trucks required repairs for damages suffered. Sunshine furnished Schupper with large sums of cash and made some payments to him by check to cover these items as well as compensation for getting the job done. No receipts were taken by Sunshine from Schupper for the cash turned over to him. In determining the deficiency against petitioner corporation the Commissioner determined that gross income reported for 1952 had been "understated $38,200 on account of unreported *190 income received from Sunshine Biscuits, Inc." And in determining the deficiency against the individual petitioners it was explained that income had been understated $37,875 on account of constructive dividends received from Schupper Motor Lines, Inc. In the answers filed herein, the following allegations appear: The sum of $38,200.00 received by the corporation consists of unreported net income received from Sunshine Biscuits, Inc., Long Island City, New York, by the corporation or by certain individuals on behalf of the corporation. A detailed summary of said amount is attached hereto as Exhibit C. EXHIBIT C
DISBURSEMENTS BY SUNSHINE BISCUITS, INC.
TO SCHUPPER MOTOR LINES, INC.
Total amount disbursed by Sunshine Biscuits, Inc., directly
or indirectly to Schupper Motor Lines, Inc. *
$64,700.00
Amount reported in the books and records of Schupper
Motor Lines, Inc.
26,500.00
Unreported net income from Sunshine Biscuits, Inc.
$38,200.00
*191 Footnotes
*. The amount of $64,700.00 consists of the following received by Schupper Motor Lines, Inc., or by payees or recipients on behalf of Schupper Motor Lines, Inc.: Cash or
Disbursement
Amount
Check
Recipient or Payee
Date
$ 3,200.00
Cash
Sidney S. Schupper
4,000.00
Cash
Sidney S. Schupper
5/27/52
15,000.00
Cash
Sidney S. Schupper
6/ 2/52
11,500.00
Cash
Sidney S. Schupper
6/10/52
10,000.00
Check
Sidney S. Schupper
6/12/52
1,000.00
Check
Charles Hertz (1)
6/12/52
500.00
Check
Leo Dantschich (1)
6/12/52
2,500.00
Check
Sidney S. Schupper
6/12/52
6,000.00
Check
Sidney S. Schupper
6/12/52
1,919.49
Check
Sidney S. Schupper
7/15/52
500.00
Check
Stanley Covington
6/19/52
7,078.19
Check
Schupper Motor Lines
6/19/52
500.00
Check
Schupper Motor Lines
6/27/52
1,002.32
Check
Schupper Motor Lines
6/27/52
Total $64,700.00
(1) Employees of Schupper Motor Lines, Inc.
The answers also contain appropriate allegations of fraud. Opinion It is fundamental that the burden is on the Commissioner to prove fraud by clear and convincing evidence. From our observation of the witnesses and our careful consideration of their testimony and the documentary evidence of record, it is our opinion that he has not done so. Extended discussion of the evidence would serve no useful purpose. The Commissioner's position is that the petitioners received some $38,000 in cash from Sunshine which they fraudulently failed to report as income. Schupper admitted receiving some $7,000 to $10,000 but testified that this was expended as agent for Sunshine in carrying out the transportation project. There is testimony to the effect that some of the cash was turned over by Sunshine to others than Schupper. Most of the testimony by the witnesses for both sides is clouded by the passage of time and lack of detail. In the circumstances we can only conclude that the Commissioner has not carried his burden. Accordingly, the assessment and collection of the deficiencies and the additions to tax are barred by the statute of limitations. Decisions will be entered for the petitioners. ↩